| B104<br>(Rev.<br>2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING<br>(Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| OSAMA A. ALKASABI | RAMPART ACQUISITION CORPORATION, LL.C<br>TRUSTEE LOWELL CAGE; 1102 TAFT, INC<br>JOSEPH HILL; WILLIAM LEE BALL |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| OSAMA A. ALKASABI<br>5726 LA JOLLA BLVD #203<br>LA JOLLA, CALIFORNIA 92037 | BRUCE J. RUZINSKY, ESQ.<br>TIMOTHY L. WENTWORTH<br>JOSEPH HILL |

| PARTY (Check one box only) | ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☑ 3 U.S. NOT A PARTY |
|---|---|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO SET ASIDE THE 04-07-2009'S SALE AND ANY CONVEYANCE OF TITLE BY THE TRUSTEE FOR FRAUD AND CONSPIRACY BY BIDDERS [11 U.S.C.A. § 363(N); FED. R. BANKR. P. 7001, 7003]; COLLUSIVE BIDDING AT A SALE OF PROPERTY, AND AGREEMENT AMONG POTENTIAL BIDDERS TO CONTROL THE SALE PRICE, THE TRUSTEE BID RIGGING AND UNDER 11 U.S.C. § 363(N); BREACH OF FIDUCIARY DUTIES

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☑ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, Extent of a Lien or Other Interest in Property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

| ORIGIN OF PROCEEDINGS<br>(Check one box only.) | ☑ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$22,000,000.00 | OTHER RELIEF SOUGHT<br>SETING ASIDE 04/07/09 JUDICIAL SALE | ☑ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>BUTAN VALLEY, N.V. | BANKRUPTCY CASE NO.<br>07-36856-H2-7 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRIC OF TEXAS | DIVISIONAL OFFICE<br>HOUSTON DIVISION | NAME OF JUDGE<br>WESLEY STEEN |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF<br>OSAMA A. ALKASABI | DEFENDANT<br>RAMPART ACQUISTION CORP. | ADVERSARY PROCEEDING NO.<br>08-3039 |
|---|---|---|
| DISTRICT<br>SOUTHERN DISTRICT | DIVISIONAL OFFICE<br>HOUSTON | NAME OF JUDGE<br>WESLEY STEEN | |

| FILING FEE | (Check one box only.) | ☑ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|---|

| DATE<br>07/27/2009 | PRINT NAME<br>OSAMA A. ALKASABI | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

B 104 Reverse
(Rev. 2/92)

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Federal Rules of Bankruptcy Procedure, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self-explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10," for $100,000 enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case in Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 07-36856-H2-7 |
| | § | |
| BUTAN VALLEY, N.V | § | CHAPTER 7 CASE |
| | § | |
| Debtor | § | |
| | § | |
| OSAMA ALKASABI | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | ADVERSARY PROCEEDING NO._____ |
| | § | |
| Vs. | § | |
| | § | |
| RAMPART ACQUISITION | § | |
| CORPORATION, LL.C;  TRUSTEE | § | |
| LOWELL CAGE;  1102 TAFT, INC | § | |
| JOSEPH HILL; WILLIAM LEE BALL | § | |
| | § | |
| Defendants | § | |

**COMPLAINT TO SET ASIDE THE 04-07-2009'S SALE AND ANY CONVEYANCE OF TITLE BY THETRUSTEE FOR FRAUD AND CONSPIRACY BY BIDDERS [11 U.S.C.A. § 363(N); FED. R. BANKR. P. 7001, 7003]; COLLUSIVE BIDDING AT A SALE OF PROPERTY, AND AGREEMENT AMONG POTENTIAL BIDDERS TO CONTROL THE SALE PRICE, THE TRUSTEE BID RIGGING AND UNDER 11 U.S.C. § 363(N)**

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE WESLEY STEEN:

Plaintiff OSAMA ALKASABI, a Party of Interest, a Creditor, and a 100% Equity Holder, file of the above-named Debtor, complains of Defendants and shows the court as follows:

## I. JURISDICTION

1.     The United States District Court for the Southern District of Texas –Houston Division has Original Bankruptcy Jurisdiction pursuant to Under 28 U.S.C. §§ 157, 1334, and

_____
**COMPLAINT TO SET ASIDE THE 04-07-2009 JUDICIAL SALE          Page | 1**
_____

§11 U.S.C. §363(n) to set aside the April 7, 2009's Judicial Sale, 28 U.S.C., and any conveyance of Title to the 95 Acres, The 85 Acres located on Fort Bend County, and the 25 Acres located on the Harris County.

2.      The United States District Court for the Southern District of Texas –Houston Division has jurisdiction in this case under 28 U.S.C. 1331, 28 U.S.C. 1337, and 28 U.S.C.A. 1367. This Court also has jurisdiction in this case as it involves a federal question. More specifically the case involves Collusive Bidding, Price Fixing, the Sherman Anti-Trust and Clayton Acts.

3.      The United States District Court for the Southern District of Texas –Houston Division has Court has Diversity Jurisdiction pursuant to §1332 because the parties are citizens of different states, and the amount of controversy exceeds $22,000,000 (Twenty Two Million Dollars), and therefore, exceeding the $75,000 Jurisdictional requirement, and Plaintiff  is demanding a Jury Trial in District Court pursuant to 28 U.S.C. § 157(e) because he does not consent to Bankruptcy Court's Jurisdiction.

## II.  VENUE.

4.      Venue in the United States District Court for the Southern District of Texas – Houston Division is pursuant to §11 U.S.C. §363(n), pursuant to 28 U.S.C. §§ 1408, 1409, and under 15 U.S.C.A.§ 15(a). More specifically, Defendants are doing business, reside, and/or work in the Southern District of Texas and has agents in the Southern District of Texas District. Additionally, Venue of this case is appropriate in the Southern District of Texas under 28 U.S.C. § 1391(b) and (c). Defendants have sufficient contracts with this District to subject it to personal jurisdiction because they are doing business, reside, and/or work in the Southern District of Texas.

_____
**COMPLAINT TO SET ASIDE THE 04-07-2009 JUDICIAL SALE**          **Page | 2**
_____

## III.  THE PARTIES

5.      Plaintiff OSAMA ALKASABI, is a Creditor, Interested Part, and a 100% Equity Holder of Debtor Butan Valley, N.V., and can be served at 5726 La Jolla Boulevard, Unit #203, La Jolla, California 92037.

6.      Defendant RAMPART ACQUISITION CORPORATION, LL.C, is a Disputed Creditor, as reflected on the Debtor's Schedule, showing a Disputed Claim of $1,200,000. Rampart is a Texas Limited Liability Company, located at 16401 Country Club Drive, Crosby, Harris County, Texas 77532, can be served through its Registered Agent CT CORPORATION SYSTEM, at 350 N. ST. PAUL STREET DALLAS, TX 75201.

7.      Defendant 1102 TAFT, LC, is a Texas Limited Liability Company, located at 10575 KATY FWY STE 470, HOUSTON, TX 77024-1027, and can be served through its Registered Agent William Lee Ball, located at 10575 KATY FWY STE 470, HOUSTON, TX 77024-1027.

8.      Defendant LOWELL CAGE, is a Chapter 7 Trustee on the above mentioned Case, and can be served at his office Cage, Hill & Niehaus, L.L.P. 5851 San Felipe, Suite 950 Houston, Texas 77057.

9.      Defendant WILLIAM LEE BALL, is the Real Estate Broker to market and sale the Debtor's properties, and is a partner of 1102 TAFT, INC., and can be served at 10575 KATY FWY STE 470, HOUSTON, TX 77024-1027.

10.      Defendant JOSEPH HILL, is an attorney representing the Trustee, and is also a partner of 1102 Taft, Inc., and can be served at 10575 KATY FWY STE 470, HOUSTON, TX 77024-1027.

## IV.   COUNT ONE

### TO SET ASIDE THE 04-07-2009'S SALE AND ANY CONVEYANCE OF TITLE BY THETRUSTEE FOR FRAUD AND CONSPIRACY BY BIDDERS [11 U.S.C.A. § 363(N); FED. R. BANKR. P. 7001, 7003

11.    The United States District Court for the Southern District of Texas – Houston Division has jurisdiction of this Count in that the Fraud And Conspiracy By Bidders [11 U.S.C.A. § 363(N); Fed. R. Bankr. P. 7001, 7003 arises out of the same transaction stated above.

12.    Plaintiff OSAMA ALKASABI realleges as if fully set forth here the allegations contained in paragraphs 1 through of 11 above.

13.    That Defendant TRUSTEE LOWELL CAGE, Defendant WILLIAM LEE BALL, and Defendant JOSEPH HILL, during the period of March 9, 2009 through April 7, 2009, and until June 15, 2009, conspired with Defendant RAMPART ACQUISITION CORPORATION, LL.C. ("RAMPART"), and 1102 TAFT, INC., to defraud Plaintiff OSAMA ALKASABI, the Debtor, and the other Creditors by making false representations that the property will be sold to the highest bidder, and that the Consideration to be paid in Cash, and within 15 Days of the Bankruptcy Court's approval or within 10 days from receiving the survey, but allowing RAMPART to have and excess of 90 Days, while limited any other Bidder from having the said advantage for collusion and interested dealing between RAMPART, and the Trustee. The said Defendant made false representations of material facts that during the period of March 5, 2009, through June 15, 2009, they were not holding any interest adversary to the interest of the state, and that they were not doing business together, and such representations of material facts are false because they are doing business together under the name of  1102 TAFT, INC, as reflected by the Texas Comptroller Office which reflects the name of the Defendants, their entity, and their place of business in total violation of 11 U.S.C. 363(n), 11 U.S.C. 327(a), and in

COMPLAINT TO SET ASIDE THE 04-07-2009 JUDICIAL SALE          Page | 4

furtherance of their conspiracy to defraud the Plaintiff OSAMA ALKASABI. (A True and Accurate Copies are attached as EXHIBIT – 1,  and EXHIBIT – 2).

14.     On April 7, 2009, Defendant RAMPART ACQUISITION CORPORATION, LL.C. neither appear the Bankruptcy Court with its is alleged Cash, the $310,000, Court House for the Auction, nor there was announcement on the Court House of the starting of the Auction, the Notice for the Auction was not posted at the Court House, and Defendant WILLIAM LEE BALL, Defendant JOSEPH HILL did not appear also at the Auction as part of fraudulent scheme to defraud Plaintiff OSAMA ALKASABI, the Debtor, and the other Creditors, other efforts to prevent the sale of said three properties.

15.     That the $310,000 Cash Bid, with the alleged Credit bid by RMAPART was on not delivered on April 7, 2009, was not even delivered 15 Days after the alleged Auction, and allegedly took place between 60 days to 90 days, no marketing attempts were made of the said three properties, the sale Auction was concealed from the public so the Defendants can control the price, and to prevent any good faith buyer from bidding on the auction, and the said actions are in violation of the provisions of Section of Title 11 U.S.C 363(n), and such misrepresentations involves fraud, creates collusion between RAMPART, the Trustee, and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders 11 U.S.C. 363(n), and not a good faith purchaser, and that said sale to said was and is contrary to public policy and void under the law in such cases made and provided. Although, the Trustee limited other Bidders to a consummation date of April 27, 2009, while giving RAMPART until June 15, 2009 without Consent of the Bankruptcy Court, the Plaintiff OSAMA ALKASABI, the Debtor Butan Valley, N.V., and the other Creditors.  The said price shocks the conscience and raises a

presumption of fraud or unfairness, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

16.     That the said Defendants RAMPART ACQUISITION CORPORATION, LL.C ("RAMPART"); Defendant 1102 TAFT, INC., Defendant Trustee LOWELL CAGE, Defendant WILLIAM LEE BALL, and defendant JOSPEH HILL, entered into an unlawful agreement and conspiracy, during the period of March 5, 2009 through June 15, 2009 to prevent the sale of the property and assets of this bankruptcy estate to any one other than themselves or the said Defendant RAMPART, with the deliberate, fraudulent and wrongful intent and purpose of eventually obtaining title to said property at their own figure of $310,000 Cash Bid, and a Credit Bid, as is more particularly shown by their acts and conduct by failing to extend the same gross advantage given to Defendant RAMPART to any other Bidder, as only the Trustee will get paid from the said amount, without having an Appraisal, Survey, or competitive bidding.

17.     Therefore, Plaintiff OSAMA ALKASABI prays that this Honorable Court issue set this matter for a Jury Trial to set aside the April 7, 2009's Judicial Sale, to set aside any Conveyance of Title, and setting the matter for a Jury Trial in District Court, and the three properties thereof returned to the Debtor's Estate; that pending the trial and determination of said sale, that this Honorable Court issue its restraining order, enjoining and restraining the said Defendant RAMPART ACQUISITION CORPORATION, LL.C, the trustees LOWELL CAGE, their agents, attorneys and employees, from making any further attempts to transfer or convey said property or any portion thereof, and ordering and directing said persons and each of them, their agents, attorneys and employees, to return the said property to the estate on to maintain the status quo pending a hearing and determination of this complaint; that said , and , and each of them, be required to account to this court for any profits realized by reason of their wrongful

---

**COMPLAINT TO SET ASIDE THE 04-07-2009 JUDICIAL SALE**          **Page | 6**

---

manipulations, scheme and device as herein alleged; that the court order the defendants to pay to the costs and expenses of this action; that the court grant judgment against the defendants for punitive damages in the amount to be determined at Trial; and that the court grant the plaintiff such other and further relief as may be just and equitable.

## V.      COUNT TWO

### COLLUSIVE BIDDING AT A SALE OF PROPERTY, AND AGREEMENT AMONG POTENTIAL BIDDERS TO CONTROL THE SALE PRICE, THE TRUSTEE BID RIGGING AND UNDER 11 U.S.C. § 363(N)

18.      The United States District Court for the Southern District of Texas – Houston Division has jurisdiction of this Count in that the claim for Collusive Bidding At A Sale Of Property, And Agreement Among Potential Bidders To  Control The Sale Price, The Trustee Bid Rigging And Under 11 U.S.C. § 363(n).

19.      Plaintiff OSAMA ALKASABI realleges as if fully set forth here the allegations contained in paragraphs 1 through of 17 of Count One.

20.      Defendant RAMPART ACQUISITION CORPORATION, LL.C. ("RAMPART"), Defendant Trustee LOWELL CAGE, Defendant 1102 TAFT, INC., Defendant WILLIAM LEE BALL, and Defendant JOSEPH HILL violated the Bankruptcy Code 11 U.S.C. 363(n) committed anti-competitive acts in violations of the Federal Laws Bankruptcy Laws, antitrust laws by engaging in **Collusive Bidding**, **Price Control**, and **price fixing** scheme for the sale of the three properties on April 7, 2009, that is illegal per se, and fail as a permissible practice created an anti-competitive bidding on the Auction of the three properties which . Specifically, that those Defendants actions violate the Sherman Antitrust Act and Clayton Act. Those Defendants have also violated the antitrust laws in that it has entered into agreements with the other named Defendants to charge only the **prices fixed** by Defendants RMAPRT

---

**COMPLAINT TO SET ASIDE THE 04-07-2009 JUDICIAL SALE**          **Page | 7**

---

ACQUISITION CORPORATION, LL.C. ("RAMPART"), and Defendant Trustee LOWELL

CAGE. Major Builders, Investors, and the average Public were prevent from bidding on the three

properties as no one new when, where, and how to bid due to the defendants concealment of

their agreements to defraud the Plaintiff OSAMA ALKASABI, and the other creditor for the sole

benefit of Defendant Rampart the Trustee, and the other defendants.

21.    As a consequence of Defendant's actions, Plaintiffs have suffered injury in the

form of losing more than $8,000,000 (Eight Million Dollars), in money paid in acquiring the

three properties, and in excess of $1,800,000 in Real Estate Taxes paid on those properties, and

is entitled to the setting aside of the April 7, 2009's Sale, setting aside in Title Conveyance, and

actual and treble damages. Defendants have taken actions to hurt the value and market value of

the market value of the three properties. As a result of Defendant's actions, Plaintiffs have

suffered injury and are entitled to actual and treble damages in accordance with the federal and

state anti-trust statutes, Bankruptcy 11 U.S.C. 363(n).

22.    At all times material hereto, Defendants Trustee LOWELL CAGE is the Chapter

7 Trustee for Debtor BUTAN VALLEY, N.V., and continues to be the Trustee of the said Estate

and has a Fiduciary Duty not commit any individual dealings with the property of the Estate and

that all powers granted to the Trustee pursuant to the Bankruptcy Code shall be exercised for the

sole benefit of the trust with the utmost Duty of Loyalty, and Duty of Care.

23.    Defendant Trustee LOWELL CAGE, and Defendant JOSEPH HILL both fail to

make diligent inquiry into facts that would permit, under 11 U.S.C. 328(c), the denial of

compensation of a professional person on the ground that such person was not disinterested or

held or represented an interest adverse to the estate; or (2) with knowledge of such facts,

employed a professional person under 11 U.S.C. 327, and they agreed with Defendant RAMAPRT ACQUISITION CORPORATION, LL.C., that they will not oppose its motion provided that RMPART pay his hourly rate and costs out of the alleged $310,000 in Cash, and thus the trustee breached his fiduciary duty by allowing his self-interests to come before the interests of the estate. Because no other Creditor, or the Debtor will benefit of the sale of all the three properties for $310,000 in cash when its actually worth $22,000,000, and by doing so he did breached his fiduciary duties is to honor the relative priorities of the unsecured Creditors, as well secure creditors.

## VI.    PRAYER

24.    THEREFORE, Plaintiffs OSAMA ALKASABI Therefore, Plaintiff Osama ALKASABI prays that this Honorable Court issue set this matter for a Jury Trial to set aside the April 7, 2009's Judicial Sale, to set aside any Conveyance of Title, and setting the matter for a Jury Trial in District Court, and the three properties thereof returned to the Debtor's Estate; that pending the trial and determination of said sale, that this Honorable Court issue its restraining order, enjoining and restraining the said Defendant RAMPART ACQUISITION CORPORATION, LL.C, the trustees LOWELL CAGE, their agents, attorneys and employees, from making any further attempts to transfer or convey said property or any portion thereof, and ordering and directing said persons and each of them, their agents, attorneys and employees, to return the said property to the estate on to maintain the status quo pending a hearing and determination of this complaint; that said , and , and each of them, be required to account to this court for any profits realized by reason of their wrongful manipulations, scheme and device as herein alleged; that the court order the defendants to pay to the costs and expenses of this action;

that the court grant judgment against the defendants for punitive and/or treble damages in the

amount to be determined at Trial; and that the court grant the plaintiff such other and further

relief as may be just and equitable relief necessary to protect Plaintiffs' interest and/or to

reinforce the applicable protection of federal and state law.

DATED:  JULY 26, 2009                              Respectfully Submitted,

                                                   /s/ Osama Alkasabi
                                                   _____

                                                   Osama Alkasabi
                                                   5726 La Jolla Boulevard #203
                                                   La Jolla, California 92037
                                                   Phone: (858) 337-3772
                                                   Email: alkasabi@sbcglobal.net
                                                   **PLAINTIFF PRO SE**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing, **COMPLAINT TO SET ASIDE THE 04-07-2009'S SALE AND ANY CONVEYANCE OF TITLE BY THETRUSTEE FOR FRAUD AND CONSPIRACY BY BIDDERS [11 U.S.C.A. § 363(N); FED. R. BANKR. P. 7001, 7003]; COLLUSIVE BIDDING AT A SALE OF PROPERTY, SUCH AS AN AGREEMENT AMONG POTENTIAL BIDDERS TO CONTROL THE SALE PRICE, THE TRUSTEE BID RIGGING AND UNDE 11 U.S.C. 363(N); BREACH OF FIDUCIARY DUTIES; FRAUDLUANT TRANSFER UNDER 11 U.S.C 544(B),** was served by Electronic Filing/Noticing, Or/And Electronic Mail, upon the following Parties and Counsels of Records pursuant to Rule 7005 of the Federal Rules of Bankruptcy Procedure this day of JULY 27, 2009:

**DEBTOR'S ATTORNEY**
Richard Fuqua, Esq.
Fuqua & Keim
2777 Allen Parkway, Suite 480
Houston, Texas 77019

**SOCIETE GENERALE & ABN Amro Bank, N.V.**
Represented by:
John F. Higgins, Esq.
Thomas A. Woolley, Esq.
Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002

**RAMPART ACQUISITION CORPORATION, LL.C.  -    DEFENDANT**
Represented by: Bruce J. Ruzinsky, Esq.
Claiborne B. Gregory, Jr., Esq.
Jackson Walker LLP,
1401 McKinney, Suite 1900
Houston, Texas 77010

**Butan Valley, N.V.'s Chapter 7 Trustee LOWELL CAGE  -   DEFENDANT**
Represented by Timothy L. Wentworth, Esq.
Cage, Hill & Niehaus, L.L.P.,
5851 San Felipe, Suite 950
Houston, Texas 77057
Email:  tim.wentworth@cagehill.com
Telephone: (713) 7890500
Fax: (713) 974-0344

**U.S. TRUSTEE'S OFFICE**
Hector Duran, Esq.
U.S. Trustee's Office
515 Rusk Avenue, Suite 3516
Houston, Texa\s 77002                                    /s/  Osama Alkasabi
                                                    _____
                                                    Osama Alkasabi