

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/03/2009

| | | |
|---|---|---|
| IN RE: | § | |
| BUTAN VALLEY, N.V. | § | CASE NO: 07-36856 |
|    Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| OSAMA ALKASABI | § | |
|    Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-3291 |
| | § | |
| RAMPART ACQUISITION CORPORATION, | § | |
| LL.C, *et al* | § | |
|    Defendant(s) | § | |

### MEMORANDUM OPINION REGARDING DISMISSAL OF COMPLAINT
### (DOC ## 6, 14)
### AND ORDER SETTING DEADLINES FOR MOTIONS FOR SANCTIONS

    Butan Valley, NV ("Debtor") filed a voluntary petition commencing bankruptcy case number 07-36856 under chapter 7 of the Bankruptcy Code on October 1, 2007. Mr. Richard Fuqua, an attorney, filed the petition. He virtually disappeared from the case almost immediately, and Mr. Osama Alkasabi ("Mr. Alkasabi", the alleged owner of the equity in the debtor and an alleged creditor) has filed the prolonged, vexatious, multiplicious litigation that has plagued the administration of the estate. Mr. Alkasabi alleges that he has a JD, LLM, and MBA. He does not allege that he was ever admitted to the bar. He has participated in this case, representing himself, as the alleged equity owner and as an alleged creditor.

    The voluntary petition was filed to obtain a § 362 stay to delay execution by Rampart Acquisition on its judgment issued by the United States District Court for the Southern District of Texas. From the beginning, Mr. Alkasabi has filed rambling, sometimes virtually incoherent, but always outrageous pleadings that frequently included scurrilous, unfounded attacks on the integrity of his adversaries. Unfortunately, Mr. Alkasabi has also been prolific and verbose.

    At the beginning, the Court was concerned that the allegations might include some scintilla of truth, and that Mr. Alkasabi was simply not articulate. So the Court gave Mr. Alkasabi the opportunity for discovery and hearings at which he was given the opportunity to prove his allegations. That proved to be a disaster. Mr. Alkasabi abused all opportunities and failed to produce any credible evidence whatsoever. That happened on more than one occasion. At the conclusion of several hearings, the Court denied the relief that Mr. Alkasabi requested and issued written reasons.[1] Mr. Alkasabi appealed all of those, without success.

---

[1] The Court is simply too busy to review the record to collect those opinions for reference. The Court leaves that to the Defendants as they prepare their response to Mr. Alkasabi's inevitable appeal of this order.

Not to be deterred, Mr. Alkasabi simply filed additional pleadings, dressing the same allegations in new clothes and trying to litigate the same issues again.  The Court at first gave Mr. Alkasabi considerable latitude.  But the patter repeated.  The Court dismissed the new allegations after notice and a hearing.  And the appeals followed, and they were dismissed.

In addition, Mr. Alkasabi has frequently asserted that he had great expertise with respect to the financial transactions and activities necessary to maximize the value of the property of the estate.  The Court gave him several opportunities to demonstrate that alleged expertise and skill by producing a proposal similar to the ones he suggested were possible.  Mr. Alkasabi never produced any indication that he could produce the results that he alleged he could produce.

In this adversary proceeding, Mr. Alkasabi raises the same issues that the Court has heard and denied before.  The only difference is that he has added new parties and that the statute on which Mr. Alkasabi relies is different.  The new parties could have been joined in the prior proceeding, but have nothing to do with the case except for being tangentially related to the events and people who were involved in the case.  The legal theories that Mr. Alkasabi raises now could have been raised in the prior trials.

In short, Mr. Alkasabi is a vexatious and multiplicious litigant.  Everything that Mr. Alkasabi raises here has either been decided in a prior trial, or could have (and should have) been raised in the prior pleadings, or is simply totally incorrect.[2]

The complaint fails to state a claim on which relief can be granted, and therefore is dismissed by final judgment separately entered.

If any defendant seeks sanctions or costs under Bankruptcy Code § 105, Rule 9011 of the Federal Rules of Bankruptcy Procedure, 28 USC § 1927, the Court's inherent power, or other authority must file an appropriate motion prior to September 18, 2009.

SIGNED 09/03/2009.

_Wesley W. Steen_
Wesley W. Steen
United States Bankruptcy Judge

---

[2] With respect to the comment that the allegations are "totally incorrect", the Court offers this example.  Mr. Alkasabi complains about the misconduct (or lack of conduct) of an auction of property.  His theory (as indicated on the record of the hearing of this matter) is simply wrong.  The Court knows what its order required the Chapter 7 trustee to do, the Chapter 7 trustee did what the order required, and Mr. Alkasabi is simply wrong.